TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Dawn Kirby

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Kirby,<br><br>          Plaintiff,<br><br>    vs.<br><br>Premium Asset Services, LLC; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Dawn Kirby, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Dawn Kirby (hereafter "Plaintiff"), is an adult individual residing at 16831 North 58th Street, Scottsdale, Arizona 85254, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Premium Asset Services, LLC (hereafter "Premium"), is a company with an address of Premium Asset Services, LLC, 3540 W Sahara Avenue #810, Las Vegas, Nevada 89102, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Premium and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Premium at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to U.S. Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Premium for collection, or Premium was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Premium Engages in Harassment and Abusive Tactics

12. On or around January 21, 2014, Premium called Plaintiff's workplace and spoke to Plaintiff's co-worker. Premium told Plaintiff's co-worker that they were

3

trying to deliver important papers to Plaintiff and that they did not want to embarrass her by disclosing the nature of the papers.

13. Following the above-referenced phone call, Plaintiff asked Premium to stop calling her workplace.

14. Despite Plaintiff's unequivocal request that Premium cease all calls to her workplace, Premium continued calling Plaintiff's workplace at least once per day.

15. In addition, Premium contacted Plaintiff on her personal phone at the harassing rate of up to three times per day.

16. Specifically, on or around January 23, 2014, Premium contacted Plaintiff on her personal phone in an attempt to collect the Debt.

17. Plaintiff returned Premium's call. During that conversation, Premium threatened to garnish Plaintiff's wages. Premium has neither sued nor obtained judgment against Plaintiff; therefore, Premium has no present ability or legal authority to garnish.

18. Premium encouraged Plaintiff to ask family members for money to pay for the Debt. When Plaintiff informed Premium that she could not do this, one of Premium's representatives, Roy Fisher, replied by asking who Plaintiff was going to call when she was sitting in jail because of this.

4

19. During another conversation with Premium on or around January 26, 2014, a Premium representative, Yolanda, told Plaintiff that she had stolen money from the Creditor.

20. On or about January 28, 2014, Plaintiff spoke with another Premium representative, Dan Schiele. When Plaintiff requested written validation of the Debt, Dan Schiele told Plaintiff that she did not have the right to request this information in writing because it had already been mailed to Plaintiff. In actuality, this information had never been mailed to Plaintiff.

21. During Plaintiff's final conversation with Dan Schiele, on or around the first week of February of 2014, Dan Schiele told Plaintiff that he knew she did not have the money to pay the Debt because he had spoken to other people. He then wished Plaintiff luck and stated that he was going to proceed with garnishing Plaintiff's wages and speaking with Plaintiff's payroll department.

### C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

27. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

28. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

31. The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

34. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **COUNT II**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

40. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the repeated telephone calls as described above.

41. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

42. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

44. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 12, 2014            LEMBERG & ASSOCIATES, LLC


By: __/s/  Trinette G. Kent__
Trinette G. Kent

Attorney for Plaintiff,
Dawn Kirby